```
             IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|                          |   |                       |
|--------------------------|---|-----------------------|
| **LESLEY OWENS,**        | ) |                       |
|                          | ) |                       |
|    Petitioner, | ) |                  |
|                          | ) | No. 13-cv-2139-SHM-cgc |
| v.                       | ) | No. 08-cr-20257-SHM-1  |
|                          | ) |                       |
| **UNITED STATES OF AMERICA,** | ) |                  |
|                          | ) |                       |
|    Respondent. | ) |                  |
|                          | ) |                       |

**ORDER**

Before the Court are nine motions by Petitioner Lesley Owens: a July 18, 2016 Motion under Federal Rule of Civil Procedure 52(b) and Rule 59(e) ("Rule 52 and Rule 59 Motion") (ECF No. 33), six motions for leave to file a supplement to the Rule 52 and Rule 59 Motion, filed between July 29, 2016 and May 30, 2017 (ECF Nos. 34-36, 38-40),[1] a July 10, 2017 motion for hearing (ECF No. 41), and an October 23, 2017 motion to appoint counsel (ECF No. 44).

For the following reasons, Owens's six motions for leave to file a supplement to Owens's Rule 52 and Rule 59 Motion are

---

[1] Owens has filed six documents supplementing his Rule 52 and Rule 59 Motion. (ECF Nos. 34-38, 38-40.) Those filings are styled as notices to supplement, motions to supplement, or letters. They are construed as motions for leave to supplement Owens's Rule 52 and Rule 59 Motion. Amendments should be granted freely when justice requires. Fed. R. Civ. 15(a)(2). For good cause shown, Owens's motions for leave to file supplemental arguments are GRANTED.

GRANTED, Owens's Rule 52 and Rule 59 Motion is DENIED, and his motions for hearing and to appoint counsel are DENIED as MOOT.

I. **Background**

On December 4, 2007, a Federal Grand Jury in the Western District of Tennessee returned an indictment charging Owens with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) ("Count One"). (Indictment, Cr. ECF No. 1.)[2] Owens's trial began on January 12, 2009. (Minutes, Cr. ECF No. 44.) On January 15, 2009, a jury found Owens guilty on Count One. (Jury Verdict, Cr. ECF No. 57.) Robert Parris ("Parris") represented Owens at trial and sentencing. (Parris Aff., ECF No. 12-2.)

On March 18, 2009, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (PSR, ECF No. 14 at 1.) The PSR calculated Owens's guideline sentencing range pursuant to the 2008 edition of the United States Sentencing Commission Guidelines Manual ("2008 U.S.S.G."). (Id. at 5.) Owens's total offense level was 33. (Id.) He received a seven-level enhancement under 2008 U.S.S.G. § 4B1.4 because he was an Armed Career Criminal ("ACC") under 18 U.S.C. § 924(e). (Id. (citing 2008 U.S.S.G. § 4B1.4(b)(3)(B)).)

---

[2] Record citations to "Cr. ECF No. ##" refer to the criminal action, United States v. Owens, No. 08-cr-20257-SHM (W.D. Tenn.). Record citations to "ECF No. ##" refer to this civil action.

2

Owens had five prior qualifying convictions: a 1991 conviction for Robbery in violation of Tennessee law (the "1991 Robbery Conviction"); a 1991 conviction for Aggravated Assault in violation of Tennessee law (the "1991 Assault Conviction"); a 1996 conviction for Simple Robbery in violation of Tennessee law (the "1996 Robbery Conviction"); a 1996 conviction for Aggravated Assault in violation of Tennessee law (the "1996 Assault Conviction"); and a 1999 conviction for Reckless Aggravated Assault in violation of Tennessee law (the 1999 "Assault Conviction"). (Id. at 8-11.)

On June 19, 2009, the Court held a sentencing hearing. (Minutes, Cr. ECF No. 84.) Although Parris had filed objections based on the age and factual accuracy of the 1991 Assault Conviction, Owens waived those objections during the hearing. (Sentencing Transcript, Cr. ECF No. 97 at 201.)[3] The Court sentenced Owens to 235 months in prison. (Id. at 264.)

On June 23, 2009, Owens filed a Notice of Appeal. (Notice of Appeal, Cr. ECF No. 82.) Andre C. Wharton ("Wharton") was appointed to represent Owens beginning on July 13, 2009. (Wharton Aff., ECF No. 12-3.) On January 31, 2012, the Sixth Circuit affirmed Owens's conviction. (Order of USCA, Cr. ECF No. 109.) On June 21, 2012, Owens filed a petition for writ of

---

[3] Unless otherwise noted, citations to the record refer to the PageID number.

certiorari in the United States Supreme Court. (Notice, Cr. ECF No. 111.) His petition was denied on October 2, 2012. (Notice, Cr. ECF No. 112.)

On March 3, 2013, Owens timely filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). (§ 2255 Motion, ECF No. 1.) Owens argued that he had received ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).

On August 3, 2015, Owens filed a Motion for Leave to Amend to have the Court consider whether his sentence should be vacated under Johnson v. United States, 135 S. Ct. 2551 (2015) (the "Johnson Motion"). (Johnson Mot., ECF No. 26.)

On June 21, 2016, the Court denied Owens's § 2255 Motion and his Johnson Motion ("Order Denying § 2255 Motion"). (Order Denying § 2255 Mot., ECF No. 31.) The Court decided that Owens's 1991 Assault Conviction, 1996 Robbery Conviction, and 1996 Assault Conviction were violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that Owens was an armed career criminal. (Id.) Judgment was entered on June 21, 2016. (ECF No. 32.)

The government has not responded to any of Owens's pending motions.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 52(b)

Under Federal Rule of Civil Procedure 52(b), a "court may amend its findings -- or make additional findings -- and may amend [a] judgment accordingly."

> The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and the judgment entered thereon. A party who failed to prove his strongest case is not entitled to a second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories by moving to amend a particular finding of fact or a conclusion of law.

9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2582 (3d ed. 2017) (citations omitted).

### B. Federal Rule of Civil Procedure 59

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend an order if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010). It is improper to use the motion "to relitigate old matters, or to raise arguments or present

5

evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (citation omitted).

**III. Analysis**

   **A. Rule 52 Motion**

      **1.   Presentence Investigation Report Findings**

Owens argues that the Court should make additional findings that his 1991 Assault Conviction arose from an accidental rather than intentional shooting. (ECF No. 33 at 383.) Owens specifically seeks additional findings about the PSR and the transcripts of his sentencing hearing. (Id.)

The Court made clear at sentencing that it could not alter or modify Owen's underlying conviction for aggravated assault, even if the facts supporting that charge might suggest the act was accidental. At sentencing, Owens stated "that's what I was saying that it was an accident and at the time . . . I didn't know anything about no law or nothing. I just -- my attorney at that time told me [to] . . . just sign the paper, man." (Sentencing Hr'g Tr., Cr. ECF No. 97 at 200.) The Court responded as follows:

> [T]hat's exactly what I'm saying I can't consider because I've got to go based on the -- I can't retry your prior case from 1991. I have what I have in front of me is a conviction for aggravated assault

>     that I have to rely on in sentencing you. . . .
>     [T]here are three things, we can just cross out the
>     description and I won't consider the description.  I
>     can go through the description and pick out those
>     parts that are accurate and those parts that aren't
>     accurate, or I can leave the description as it is,
>     that's really with where we are.  Or Mr. French can
>     put on proof if he wants about what's accurate, but
>     then we are trying the case from 1991 again which I
>     don't think we can do.  The affidavit of complaint
>     doesn't solve the problem because what [Owens] is
>     challenging is the affidavit itself and its accuracy.

(Id. at 200-01.)  Owens then withdrew his objection and the Court accepted the facts in the PSR as true.  (Id. at 201.)

The Court did not and could not rely on the factual description in the PSR as the basis for its conclusions of law in denying Owens's § 2255 Motion.  Using "the factual description of a prior conviction contained in a PSR to determine if the prior conviction is a 'crime of violence' does 'not adhere to the dictates of . . . Shepard.'"  United States v. Wynn, 579 F.3d 567, 575–76 (6th Cir. 2009) (quoting United States v. Bartee, 529 F.3d 357, 361 (6th Cir. 2008)).  Amending the Court's findings to include factual descriptions in the PSR would not enable the appellate court to obtain a correct understanding of the factual issues determined by the Court as a basis for its conclusions of law and judgment.  Owens's Rule 52 and Rule 59 Motion for additional findings about the PSR and sentencing transcripts is DENIED.

### 2. Trial Counsel's Access to State Court Documents

Owens contends that his trial counsel, Robert Parris, did not decide that an objection in light of Begay v. United States, 553 U.S. 137 (2008) was meritless based on a review of state court documents. (ECF No. 33 at 385.) Owens points to his appellate counsel's, Andre C. Wharton, affidavit to argue that Parris did not have the state court documents at the sentencing hearing to decide whether an objection in light of Begay was meritless. (Id.)

The Court has previously found that Parris "did not object under Begay at sentencing because he believed, as he does now, that the objection was without merit based on state court documents showing that Owens had pled guilty to intentional conduct." (Order Denying § 2255 Mot., ECF No. 31 at 365.) Regardless of why Parris did not object, the Court concluded that Owens had failed to show he was prejudiced by Parris's failure to raise arguments under Begay. (ECF No. 31 at 367.) The Court did not rely on whether Parris had decided that an objection in light of Begay was meritless based on a review of state court documents.

When a court determines whether a crime of conviction is a violent felony, it does not consider the defendant's actual conduct (e.g., whether conduct was reckless or intentional).

8

Courts focus on the elements of the crime of conviction. See, e.g., Johnson, 135 S. Ct. at 2557; Taylor v. United States, 495 U.S. 575, 599-602 (1990). That rule was in place when Owens was sentenced. An argument that Owens's 1991 Assault Conviction was not a violent felony because Owens's actual conduct was merely reckless would not have prevailed because the state court documents support a finding that the crime of conviction was for intentional aggravated assault. To the extent Owens argues that a crime of conviction cannot be a violent felony if a defendant is allowed to commit it recklessly, his argument fails. As discussed below, the Sixth Circuit has held that even reckless aggravated assault is a violent felony under the ACCA. (See Section V.B.2 infra.)

Amending the Court's findings to state that Parris did not have the state court documents at sentencing would not enable the appellate court to obtain a correct understanding of the factual issues determined by the Court. Owens's Rule 52 and Rule 59 Motion for those additional findings is DENIED.

### 3.  1991 Assault Conviction Plea Agreement

Owens initially asserted that the 1991 Assault Conviction Plea Agreement he attached to his § 2255 Motion, which deviated from the government's copy in that it indicated the offense was for reckless aggravated assault rather than aggravated assault,

9

was the copy provided to Owens by his state trial attorney, Samuel L. Perkins. (ECF No. 33 at 386.) Owens later asserted that Perkins had unintentionally and mistakenly left blank on his 1991 Assault Conviction plea agreement form that Owens meant to plead guilty to reckless aggravated assault. (ECF No. 41 at 493-94.)

The Court has previously decided that, "[b]ecause Owens has attached a new copy of the plea agreement and makes no argument that his initial copy is correct, the Court will rely on the copy that recites only 'aggravated assault.'" (ECF No. 31 at 370 n.4.) Owens's recent filings appear to concede that the true plea agreement did not include 'reckless' because of Perkins's alleged error. (See ECF No. 41 at 493-94.)

There is no basis for the Court to amend its findings that the plea agreement that recites only "aggravated assault" is the true copy. Owens's Rule 52 and Rule 59 Motion on that ground is DENIED.

### 4. 1991 Assault Conviction Plea Colloquy

Owens contends that the Court should make additional findings under Rule 52 that Owens never admitted intentional conduct at the plea colloquy. (ECF No. 33 at 389.) The Court has previously concluded that, based on the plea colloquy,

10

"Owens necessarily admitted intentionally causing physical injury." (Order Denying § 2255 Mot., ECF No. 31 at 372.) Owens's attempt to relitigate that issue is precluded under Rule 52. Owens's Rule 52 and Rule 59 Motion on that ground is DENIED.

### 5. Supplemental Reply Brief to § 2255 Motion

Owens argues that the Court failed to address the merits of his Supplemental Reply Brief (ECF No. 24) before granting his motion for leave to file the supplemental reply brief. (ECF No. 33 at 400.)

A motion for leave to file or amend is controlled by Federal Rule of Civil Procedure 15. Leave to amend should be given freely when justice requires. Fed. R. Civ. P. 15(a)(2). The merits of the amendment need not be analyzed to grant leave when justice requires. Any new allegations are addressed and resolved after leave to file or amend has been granted.

Owens's Rule 52 and Rule 59 Motion for additional findings addressing the merits of his supplemental reply is DENIED.

## B. Rule 59

### 1. Controlling Case Law

Owens argues that the Court erred as a matter of law when it failed to analyze controlling precedent, specifically,

United States v. Kappell, 418 F.3d 550 (6th Cir. 2005), United States v. Amos, 496 F. App'x 517 (6th Cir. 2012), United States v. Castro-Martinez, 624 F. App'x 357 (6th Cir. 2015) vacated and remanded, Castro-Martinez v. United States, 136 S.Ct. 2541 (2016), Shepard v. United States, 544 U.S. 13 (2005), Leocal v. Ashcroft, 543 U.S. 1 (2004), and Begay, 553 U.S. at 137.

In Kappell, the Sixth Circuit held that a state criminal complaint, a transcript of the state plea proceedings, and the defendant's acceptance during those proceedings of the factual statements in the complaint were permissible Shepard documents. 418 F.3d at 560. Here, the Court considered the transcript of the state plea proceedings, the criminal complaint, and Owens's acceptance of the factual statements as recited by the prosecution. (Order Denying § 2255 Mot., ECF No. 31 at 371-72.) The Court did not err.

In Amos, the Sixth Circuit held that a probable-cause affidavit is also a proper Shepard document. 494 F. App'x at 523. Owens offers no probable-cause affidavit or suggests that there is one for his 1991 Assault Conviction.

In United States v. Castro-Martinez, the Sixth Circuit concluded that "the statement of facts at the state plea hearing, in conjunction with the state court's statement that Defendant was charged with breaking into a home, confirms that

12

Defendant was convicted of burglarizing a dwelling" although "[t]he state court indictment does not specify whether Defendant entered the house or the shed. . . ." 624 F. App'x at 362-63. The case was later vacated and remanded on other grounds by the Supreme Court. Castro-Martinez v. United States, 136 S.Ct. at 2541. Owens's 1991 Assault Conviction indictment states that Owens "did unlawfully and *intentionally* cause serious bodily injury . . . in violation of T.C.A. 39-13-102." (ECF No. 11-3 at 131 (emphasis added).) The affidavit of complaint also states the offense was for aggravated assault, but does not explicitly refer to intentional or reckless conduct. (Id. at 133.) It states that Owens allegedly shot the victim while attempting to kiss her. (Id. at 133-34.) The plea agreement states the offense is aggravated assault and does not refer to intentional or reckless conduct. (Id. at 135.) The plea colloquy demonstrates that Owens heard the indictment language, which explicitly references intentional conduct. When asked if he understood the charge in the indictment, Owens said that he did. (1991 Plea Colloquy, ECF No. 23-2 at 301.) Owens voluntarily pled guilty to the charge in the indictment. (Id.) Notwithstanding the lack of reference to intentional or reckless conduct in the affidavit of complaint and the plea agreement, the indictment and plea colloquy make clear that

13

Owens pled guilty to and was convicted of intentional aggravated assault.

In Leocal, the Supreme Court addressed the "crime of violence" provision at 18 U.S.C. § 16, which uses language identical to the elements clause of the "violent felony" definition in 18 U.S.C. § 924(e)(2)(B)(i). In Leocal the defendant was convicted under a Florida statute criminalizing driving under the influence of alcohol (DUI) and causing serious bodily injury that did not have a mens rea requirement. The government argued that 18 U.S.C. § 16 does not require a predicate offense to have a mens rea requirement, and that the DUI offense was therefore a crime of violence under the federal statute. 543 U.S. at 9. The court held, however, that the elements clause of 18 U.S.C. § 16 "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." Id. The court emphasized that the word "use" in the elements clause connotes "active employment." Id. Thus, by "giv[ing] words their 'ordinary or natural'" meaning, the court reasoned that an offense qualifying as a "crime of violence" must require that the defendant acted more than merely negligently in committing that offense. Id. (quoting Smith v. United States, 508 U.S. 223, 228 (1993)).

Here, the Court determined that a conviction under Tennessee's aggravated assault statute was possible based on reckless or intentional conduct. (Order Denying § 2255 Mot., ECF No. 31 at 369-70.) An intentional aggravated assault under the statute would qualify as a "crime of violence" under Leocal.

In Shepard, the Supreme Court set out what is known as the modified categorical approach, which permits courts to review certain documents underlying the conviction to determine which of a statute's alternative elements formed the bases of the defendant's conviction. 544 U.S. 13, 26. The Court determined through permissible Shepard documents that Owens admitted that intentional conduct formed the bases for his 1991 Assault Conviction. (Order Denying § 2255 Mot., ECF No. 31 at 370-72.)

Johnson, 135 S.Ct. at 2563, abrogated Begay, 553 U.S. at 137, voiding for vagueness the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as § 922(e)(2)(B)(ii)'s "residual clause." Owens's aggravated assault did not fall under the residual clause. (Order Denying § 2255 Mot., ECF No. 31 at 376-77.)

The Court properly analyzed Owens's § 2255 Motion in accordance with the above precedent. There was no clear error

15

of law.  Owens's Rule 52 and Rule 59 Motion on that ground is
DENIED.

### 2. <u>Mathis</u> Claim

Owens argues that his Rule 52 and Rule 59 Motion should be
granted based on <u>Mathis v. United States</u>, 136 S. Ct. 2243
(2016). (ECF No. 36; ECF No. 41 at 492-93.)  He argues that he
is entitled to relief because the 1991 Assault Conviction plea
agreement provides no factual details and because the plea
agreement would have indicated he was guilty of recklessness.
(ECF No. 41 at 492-95.)

Owens cites "newly discovered evidence" that his state
trial attorney, Perkins, unintentionally and mistakenly left
blank on his 1991 Assault Conviction plea agreement form that
Owens meant to plead guilty to reckless aggravated assault.
(<u>Id.</u> at 493-94.)  Owens provides telephone records of calls
between himself and Perkins.  (ECF No. 41-2; ECF No. 41-3.)
Owens also provides a copy of the 1991 Assault Conviction plea
agreement.  (ECF No. 41-1.)  That copy states the offense is
for aggravated assault, and does not include reference to
recklessness, unlike the copy initially attached to Owens's
§ 2255 Motion.  (<u>Compare</u> ECF No. 1-5 <u>with</u> ECF No. 41-1.)  This
"new evidence" does not support Owens's Rule 52 and Rule 59
Motion.  Owens's unsupported allegations suggest, at most, an

argument for ineffective assistance of trial counsel for Owens's 1991 Assault Conviction. That issue is not properly before the Court.

Mathis also does not support Owens's Rule 52 and Rule 59 Motion. Owens did not cite Mathis in his § 2255 Motion. Owens's claim for relief under Mathis is a new argument that is not properly before the Court, because Owens has not received certification under § 2255(h)(2) for a second or successive motion to vacate based on Mathis. Section 2255(h)(2) provides that a second or successive motion to vacate "must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Section 2244(b)(2)(A) provides that a claim presented in a second or successive petition must be dismissed unless "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[4]

Even if Owens's Mathis claim were properly before the Court, and even if the Court found Owens was convicted of

---

[4] The Sixth Circuit has held that Mathis did not announce a new rule of constitutional law, made retroactive to cases on collateral review. In re Conzelmann, 872 F.3d 375, 377 (6th Cir. 2017).

reckless aggravated assault, binding Sixth Circuit precedent holds that reckless aggravated assault in violation of Tenn. Code Ann. § 39-13-102(a)(1)(B) is a violent felony under the ACCA's use-of-force clause. United States v. Verwiebe, 874 F.3d 258, 2017 WL 4700642, at *2 (6th Cir. Oct. 20, 2017) (finding a crime that requires only recklessness can be a crime of violence under U.S.S.G. § 4B1.2(a)); United States v. Glover, 681 F. App'x 432 (6th Cir. Mar. 3, 2017) ("Whether a conviction is a 'crime of violence' in § 4B1.2(a) of the Sentencing Guidelines is subject to the same analysis as whether a conviction is a 'violent felony' under the ACCA."); Drake v. United States, No. 3:16-CV-01427, 2017 WL 4805204, at *6 (M.D. Tenn. Oct. 24, 2017) (finding defendant's two Tennessee aggravated assault convictions qualify as "violent felonies" without regard to the residual clause invalidated by Johnson) (citing Verwiebe).[5]

Owens's Rule 52 and Rule 59 Motion is DENIED.

**C. Motion for Hearing and to Appoint Counsel**

Because each ground in Owens's Rule 52 and Rule 59 Motion has been denied, Owens's motions for hearing and to appoint counsel are DENIED as MOOT.

---

[5] In a recent published opinion, the Sixth Circuit called into question Verwiebe's holding, but recognized it as binding authority. United States v. Harper, 875 F.3d 329, 330 (6th Cir. 2017).

**IV. Conclusion**

For the foregoing reasons, Owens's six motions for leave to file a supplement to Owens's Rule 52 and Rule 59 Motion are GRANTED, Owens's Rule 52 and Rule 59 Motion is DENIED, and his motions for hearing and to appoint counsel are DENIED as MOOT.

So ordered this 5th day of February, 2018.

                                   */s/ Samuel H. Mays, Jr.*
                                   SAMUEL H. MAYS, JR.
                                   UNITED STATES DISTRICT JUDGE