IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| LESLEY OWENS, | ) |
| | ) |
| Movant, | ) |
| | ) Cv. No. 13-2139 |
| | ) Cr. No. 08-20257 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On January 15, 2009, a jury found Movant Lesley Owens guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Cr. ECF No. 57.) The Court found that the Armed Career Criminal Act (the "ACCA") applied to Owens based on his two prior robbery convictions and three prior aggravated assault convictions. (See Cv. ECF No. 14 ¶¶ 8-11.) Owens filed a motion under 28 U.S.C. § 2255 in 2013. (Cv. ECF No. 1.) On June 21, 2016, the Court denied that motion and entered judgment. (Cv. ECF Nos. 31, 32.)

Under Federal Rule of Civil Procedure 60(b), Owens moves for relief from the Court's June 21, 2016 Order denying his § 2255 motion. (Cv. ECF No. 56) Owens argues that the Court mistakenly concluded that one of his aggravated assault convictions constituted a violent felony under the ACCA. The Court considered and rejected Owens' argument in its June 21, 2016 Order denying § 2255 relief.

Whether an ACCA predicate crime qualifies as a violent felony is a legal question.  Davis v. United States, 900 F.3d 733, 735 (6th Cir. 2018).  An alleged legal error "is subsumed in the category of mistake under Rule 60(b)(1)."  United States v. Leprich, 169 F. App'x 926, 932 (6th Cir. 2006).  Under Rule 60(b)(1), Owens' motion must have been filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  "This time limit is jurisdictional, and the district court does not have the discretion to extend the period of limitation."  Mitchell v. Rees, 261 F. App'x 825, 830 (6th Cir. 2008).

Owens filed his March 18, 2019 Rule 60(b) motion two-and-a-half years after the Court denied his § 2255 motion.  The motion is therefore untimely.  Owens' motion under Rule 60(b) is DENIED.

On April 8, 2019, Owens filed a motion to correct clerical error in which he asks the Court to consider certain revisions to his Rule 60(b) motion.  The motion is GRANTED.  The Court has considered this material, and it does not change the outcome. (ECF No. 57.)

Because the Court denies Owens' Rule 60(b) motion, it also DENIES AS MOOT Owens' April 29, 2019 motion requesting summary judgment on his Rule 60(b) motion.  (ECF No. 59.)

So ordered this 10th day of June, 2019.

                            /s/ *Samuel H. Mays, Jr.*
                            Samuel H. Mays, Jr.
                            UNITED STATES DISTRICT JUDGE