IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **LESLEY OWENS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | **Cv. No. 13-2139** |
| | ) | **Cr. No. 08-20257** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Movant Lesley Owens' June 27, 2019
Motion Pursuant to Fed. R. Civ. P. 60(a). (Cv. ECF No. 63.)
For the following reasons, Owens' motion is DENIED.

On January 15, 2009, a jury found Owens guilty of being a
felon in possession of a firearm in violation of 18 U.S.C.
§ 922(g). (Cr. ECF No. 57.) The Court found that the Armed
Career Criminal Act (the "ACCA") applied to Owens based on his
two prior robbery convictions and three prior aggravated assault
convictions. (See Cv. ECF No. 14 at 8-11.) Owens filed a motion
under 28 U.S.C. § 2255 in 2013. (Cv. ECF No. 1.) On June 21,
2016, the Court denied that motion and entered judgment. (Cv.
ECF Nos. 31, 32.)

In numerous subsequent filings, Owens has asked the Court to amend its judgment in this case. (<u>See</u> Cv. ECF Nos. 33, 34, 36, 38, 39, 40, 56, 57, 59, 63.) In one of those motions, Owens moved for relief from judgment under Federal Rule of Civil Procedure 60(b). (Cv. ECF No. 56.) In that motion, filed on March 18, 2019, Owens argued that the Court had made a substantive mistake of law in concluding that one of his aggravated assault convictions was a violent felony under the ACCA. (<u>Id.</u> at 3-7.) On June 10, 2019, this Court denied Owens' March 18, 2019 motion as untimely. (Cv. ECF No. 61.)

On June 28, 2019, Owens filed a Notice of Appeal of the Court's June 10, 2019 Order to the United States Court of Appeals for the Sixth Circuit. (Cv. ECF No. 65.) On June 27, 2019, one day before filing this Notice of Appeal, Owens filed a motion in this Court under Federal Rule of Civil Procedure 60(a) in which he asks the Court to correct what he describes as "clerical mistakes" in the Court's June 10, 2019 Order. (Cv. ECF No. 63.)[1] Owens argues in this current motion that the Court's June 10, 2019 Order denying his earlier Rule 60(b) motion failed to consider his equitable tolling argument and his request for relief under Rule 60(b)(6). (<u>Id.</u>)

---

[1] On July 2, 2019, the United States Court of Appeals for the Sixth Circuit held Owens' appeal of the Court's June 10, 2019 Order in abeyance pending this Court's resolution of Owens' June 27, 2019 motion. (Cv. ECF No. 66.)

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). It governs errors that are "mechanical in nature." Braun v. Ultimate Jetcharters, LLC, 828 F.3d 501, 515 (6th Cir. 2016) (citation omitted). Although Owens styles his current motion as a request for the correction of clerical errors under Rule 60(a), what he challenges are the substantive legal conclusions in the Court's June 10, 2019 Order. (See Cv. ECF No. 63.) Rule 60(a) is not an appropriate vehicle for this challenge. "The rule does not [] authorize the court to revisit its legal analysis or otherwise correct an 'error[] of substantive judgment,'" and the Court may not use the rule as an occasion to do so here. In re Walter, 282 F.3d 434, 440 (6th Cir. 2002) (quoting Olle v. Henry & Wright Corp., 910 F.2d 357, 364 (6th Cir. 1990)).

Owens' June 27, 2019 motion under Rule 60(a) is DENIED.


So ordered this 29th day of August, 2019.


/s/ *Samuel H. Mays*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE